UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 19-6687 |
| v. | : | Honorable Joseph A. Dickson |
| ANGELO PAWLOVSKI, a/k/a "Angelo Rodriguez" | : | **CRIMINAL COMPLAINT** |

I, Joshua Green, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

_____
Joshua Green, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence,
on May 30, 2019, at Newark, New Jersey

_____
HONORABLE JOSEPH A. DICKSON
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

On or about May 29, 2019, in Ocean County, in the District of New Jersey, and elsewhere, the defendant,

## ANGELO PAWLOVSKI,
a/k/a "ANGELO RODRIGUEZ,"

possessed in and affecting commerce five firearms and ammunition, namely: (a) a 9-millimeter Glock 19 semiautomatic handgun, bearing serial number MHA441; (b) a .380 caliber Lorcin L380 semiautomatic handgun, bearing serial number 266772; (c) a Hi-Point Model JCP .40 caliber semiautomatic handgun, bearing serial number X734060; (d) a Hi-Point Model JCP.40 caliber semiautomatic handgun, bearing serial number X732862; (e) a Taurus Model M85 .38 caliber revolver, bearing serial number XD79339; and (f) one hundred and fifty rounds of ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Ocean County, and did so knowingly.

In violation of Title 18, United States Code, Section 922(g)(1).

## ATTACHMENT B

I, Joshua Green, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for the limited purpose of establishing probable cause of a criminal violation, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On June 12, 2009, defendant ANGELO PAWLOVSKI, a/k/a "ANGELO RODRIGUEZ ("PAWLOVSKI") was convicted in the Superior Court of New Jersey, Ocean County, for second degree aggravated assault in violation of N.J.S.A. 2C:12-1B(1), and second degree unlawful possession of a weapon in violation of N.J.S.A. 2C:39-5B, both of which are crimes punishable by imprisonment for a term exceeding one year.

2. In or about April 2019, an individual who is working as a confidential informant for the ATF ("CI") advised the ATF that he/she had been contacted by defendant PAWLOVSKI, who asked if the CI could obtain firearms for him. At the direction of ATF agents, the CI then engaged in a series of text and recorded audio telephone communications with defendant PAWLOVSKI wherein the two discussed the CI obtaining and selling firearms to defendant PAWLOVSKI.

3. During the communications, defendant PAWLOVSKI told the CI that he wanted to purchase a 9-millimeter Glock Model 19 semiautomatic handgun for himself, and possibly also purchase guns which he would then sell to other individuals.

4. During the communications, the CI advised defendant PAWLOVSKI that he/she had an associate who would be handling the sale and delivery of the firearms to defendant PAWLOVSKI, and that the associate would contact defendant PAWLOVSKI on his cell phone. In reality, the associate was an ATF Special Agent who was acting in an undercover capacity ("UC").

5. On May 9, 2019, the UC spoke to defendant PAWLOVSKI on the telephone about defendant PAWLOVSKI purchasing firearms from the UC. During the conversation, defendant PAWLOVSKI stated that he wanted to purchase a 9-millimeter Glock 19 semiautomatic handgun for himself, as well as other firearms which he would in turn sell to other individuals. Defendant PAWLOVSKI stated, in sum and substance, that the individuals to whom he would be selling the firearms like to purchase them cheaply because they are going to use them once and then get rid of them. In subsequent text messages between defendant PAWLOVSKI and the UC, the two agreed that the UC would sell defendant PAWLOVSKI a 9-millimeter Glock 19 semiautomatic handgun for $200, and a .380 caliber Lorcin L380 semiautomatic handgun for $130. The two also agreed to meet on May 15, 2019 in Brick Township, New Jersey to conduct the firearms sale. However, due to unexpected circumstances, the UC could not meet defendant PAWLOVSKI on that date and so the two agreed to meet at a later date.

6. From May 15 to May 28, 2019, defendant PAWLOVSKI and the UC engaged in numerous text messages in which defendant PAWLOVSKI asked the UC to sell him firearms and ammunition in addition to the aforementioned Glock and Lorcin handguns. Ultimately, in these texts, defendant PAWLOVSKI confirmed that he wanted to purchase the following from the UC: (a) a 9-millimeter Glock 19 semiautomatic handgun; (b) a .380 caliber Lorcin L380 semiautomatic handgun; (c) two .40 caliber Hi-Point Model JCP semiautomatic handguns; (d) one .38 caliber Taurus Model M85 revolver; (e) a box of .40 caliber ammunition; (f) a box of 9-millimeter ammunition; (g) a box of .38 caliber ammunition. Defendant PAWLOVSKI agreed to pay the UC a total of $940 for all five firearms and three boxes of ammunition.

7. On May 28, 2019, defendant PAWLOVSKI and the UC spoke on the telephone and agreed to meet on May 29, 2019 at a location in Brick Township, New Jersey in order to conduct the sale of the firearms and ammunition.

8. On May 29, 2019 at approximately 6:45 p.m., defendant PAWLOVSKI arrived alone at the location in his vehicle. He then entered the UC's vehicle, whereupon the UC showed defendant PAWLOVSKI the firearms and ammunition, which were in a toolbox:

> (a) a 9-millimeter Glock 19 semiautomatic handgun, bearing serial number MHA441;
>
> (b) a .380 caliber Lorcin L380 semiautomatic handgun, bearing serial number 266772;
>
> (c) a .40 caliber Hi-Point Model JCP semiautomatic handgun, bearing serial number X734060;
>
> (d) a .40 caliber Hi-Point Model JCP semiautomatic handgun, bearing serial number X732862;
>
> (e) a .38 caliber Taurus Model M85 revolver, bearing serial number XD79339;
>
> (f) one hundred rounds of .45 caliber ammunition; and
>
> (g) fifty rounds of .357 caliber ammunition.

9. Defendant PAWLOVSKI inspected each firearm and paid $940 to the UC for the firearms and ammunition. At the conclusion of the sale, defendant PAWLOVSKI took possession of the firearms and ammunition, whereupon law enforcement placed him under arrest.

10. Based on my knowledge of and experience with firearms and ammunition, I have reason to believe that the above-referenced five firearms will or are designed to or may readily be converted to expel a projectile by the action of an explosive; that the firearms and ammunition were manufactured outside the State of New Jersey; and that the firearms and ammunition therefore traveled in interstate commerce prior to May 29, 2019.